# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:05CR273

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| ) | |
| DAVID HOWARD HUGHES ) | |
| ) | |

**THIS MATTER** came on for hearing before the Court on December 27, 2006, regarding the Defendant's motions to withdraw his guilty plea and to suppress. The Defendant was present with counsel and the Government was represented by the United States Attorney.

## I. FACTUAL BACKGROUND

The Defendant is charged with two counts of illegal possession of a firearm by a person having been convicted of a crime punishable for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). **Bill of Indictment, filed December 5, 2005.** The punishment for a violation of that statute, a Class A felony, is imprisonment for a period of 15 years to

life and a $250,000 fine. See **18 U.S.C. § 924(e)(1).** On February 27, 2006, the Defendant appeared before the Magistrate Judge and entered pleas of guilty to both counts of the indictment without benefit of a plea agreement. A presentence investigation was conducted and the matter was set for sentencing on January 3, 2007. Before the sentencing hearing could take place, the Defendant filed the instant motions to set aside his guilty pleas and to suppress.

## II. DISCUSSION

The events resulting in the charge contained in Count One of the indictment arose from a June 16, 2004, search and seizure by officers of the Rutherford County Sheriff's Department. On that date, Deputy Sheriff Chris Winslow requested the Defendant's consent to search his house and the Defendant refused the request. The other resident of the house, the Defendant's girlfriend Lynn Biddy, was also requested to consent to a search of the house; she gave Deputy Winslow her consent and the search was initiated and completed.

At the time the Defendant entered his guilty pleas in February 2006, it appeared that the June 2004 search of his home was legal under United

States Supreme Court precedent then in effect. However, on March 22, 2006, the Supreme Court issued its decision in *Georgia v. Randolph*, 126 S. Ct. 1515 (2006), holding that a co-occupant of a dwelling under the circumstances of this case could not provide a valid consent for the search. Inasmuch as the Government would be unable to prove the charge set forth in Count One of the indictment due to the improper consent given to search the premises, the evidence seized therein would be inadmissable at trial against the Defendant. Therefore, the Defendant's motion to withdraw his guilty plea as to Count One and for suppression of evidence relating to that charge will be allowed.

The charge contained in Count Two of the indictment arose out of a second search of the Defendant's residence on August 27, 2004. On this occasion, Deputy Winslow accompanied a social worker to Defendant's house. The social worker asked to speak to Defendant's girlfriend Ms. Biddy concerning her children. Deputy Winslow testified that as he approached the Defendant's property, he observed that the Defendant placed a vial in one of the outbuildings located thereon which looked similar in appearance to another vial of methamphetamine officers had seized from the Defendant in June 2004. Deputy Winslow asked the

Defendant for his consent to search his house and outbuildings. The Defendant again refused to consent to the search and ordered Deputy Winslow off his property. The Deputy then told the Defendant that he was going to seek a search warrant and that if the Defendant stayed at the residence, he would have to remain outside the house until after the search was completed. The Defendant then left and a search warrant was obtained. During the subsequent search pursuant to the authority of the warrant, the officers discovered methamphetamine as well as scales and small plastic baggies. They also located a .25 caliber hand gun inside the master bedroom. The Defendant contends this search was invalid and illegal because it was conducted prior to the time the search warrant was issued.

The Government introduced as evidence the Sheriff's Department Search and/or Inventory Record which shows the date of "8-27-04" and time of "12:35 PM". **See Government Exhibit 2.** The Search Warrant shows the date of "082704" and time of "15:10". **See Government Exhibit 1.** While the boxes on the warrant for "AM" and "PM" are not checked, the Court notes that 15:10 is commonly referred to as military time and would indicate the warrant was issued at 3:10 PM. Deputy Winslow testified that

the time of 12:35 PM shown on the Search and/or Inventory record referred to the time that the officers actually took control of the premises and retained such control until after the search warrant was obtained at 3:10 PM and received by him at 3:11 PM.  Deputy Winslow further testified that it was his practice and habit to record the time of the search and inventory record as the time when the premises are actually placed under the control of the law enforcement officers.

   The Court concludes from the testimony and evidence presented at the hearing, that the Defendant's premises were placed under the control of the officers at 12:35 PM, and such officers continued to maintain such control through and including the time of 3:11 PM, that the search of the premises did not occur until after 3:11 PM, and that this subsequent search of the Defendant's residence and outbuildings was legal and binding upon the Defendant.  Therefore, as to the August 27, 2004, search, the Defendant's motion to suppress is denied as a result of a legal search.  However, by consent of the Defendant and the Government, the Defendant's motion to withdraw his plea of guilty to Count Two of the indictment is allowed.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to withdraw his guilty plea to Count One of the indictment is **ALLOWED**, his motion to suppress as to this Count is **ALLOWED**, and Count One of the indictment is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Defendant's motion to withdraw his guilty plea to Count Two of the indictment is **ALLOWED**, and his motion to suppress as to this Count is **DENIED**.

**IT IS FURTHER ORDERED** that the sentencing hearing scheduled for January 3, 2007, is **CONTINUED**, and this matter is hereby scheduled for trial during the Court's January 2007 term in the Asheville Division beginning January 8, 2007.

Signed: December 29, 2006

Lacy H. Thornburg
United States District Judge