# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:05cr273

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAVID HOWARD HUGHES. ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Petition for Writ of Error *Audita Querela* pursuant to 28 U.S.C. §1651 [Doc. 43].

## PROCEDURAL HISTORY

On December 5, 2005, the Defendant was charged with two counts of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). [Doc. 1]. The Defendant moved to suppress the evidence as to both counts. [Doc. 18]. After conducting a hearing on the motion, the trial court granted the motion to suppress as to Count One but denied it as to Count Two. [Doc. 19]. As a result, Count One of the indictment was

1

dismissed. [Id.]. The Defendant then entered into a plea agreement with the Government pursuant to which he pled guilty to Count Two reserving his right to appeal the denial of the motion to suppress and with the condition that his plea would be invalid if his direct appeal was ultimately successful. [Doc. 20].

On April 20, 2007, the Defendant was sentenced to 188 months of imprisonment. [Doc. 23]. On appeal from the denial of his motion to suppress the evidence related to Count Two, the United States Fourth Circuit Court of Appeals affirmed the district court's ruling. United States v. Hughes, 255 Fed.Appx. 740 (4th Cir. 2007).

In December 2008, the Defendant moved to vacate, set aside or correct his sentence. Hughes v. United States, Civil Case No. 1:08cv539. That motion was denied in January 2009 and the Defendant did not attempt to appeal that decision. Hughes v. United States, 2009 WL 116977 (W.D.N.C. 2009).

## DISCUSSION

In the pending motion, the Defendant "submits that the instant petition is not a post-conviction motion pursuant to 28 U.S.C. §2255" and argues that he is raising a "newly recognized defense" against his criminal judgment

through the procedural vehicle of a writ of *audita querela*. [Doc. 43, at 1]. Specifically, he claims that the application to him of the armed career criminal enhancement pursuant to 18 U.S.C. §924(e) was incorrect because his predicate felony convictions were improperly counted.[1] His sentence, he claims, is the result of ineffective assistance by his attorney who failed to object to the enhancement.

In the Defendant's motion to vacate, he claimed that his attorney was ineffective because she did not advise him that he faced armed career criminal status. [Doc. 42, at 6]. Because the Defendant's plea agreement contained a provision advising that he faced the sentencing enhancement based on being an Armed Career Criminal, the sentencing court rejected this argument. [Id.]. The Court also noted that the Defendant had been advised at his Rule 11 inquiry of this possibility. [Id., at 7]. Finally, the Court noted the arguments made by counsel against this enhancement at the sentencing hearing. [Id., at 8-9]. The Defendant's arguments relating to his armed career

---

[1] 18 U.S.C. §924(e)(1) provides in pertinent part that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony ..., committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years[.]" The Defendant acknowledges that he had more than three previous convictions for felony breaking and entering. [Doc. 43, at 9-10]. Breaking and entering is a violent felony under the Armed Career Criminal Act, 18 U.S.C. §924(e). United States v. Carr, 592 F.3d 636, 638 n.1 (4th Cir. 2010).

3

criminal status were rejected by the sentencing court.

The Defendant's case has been pursued through direct appeal and by motion pursuant to §2255. Realizing that he has exhausted his procedural mechanisms for review of his conviction and sentence, the Defendant now raises the ancient common law remedy of *audita querela*.

The All Writs Act, 28 U.S.C. §1651, "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985).

> At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment. *Audita querela* has been expressly abolished in civil cases by the Rules of Civil Procedure. See, Fed.R.Civ.P. 60(b). The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) and the All Writs Act.

United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001); *accord*, United States v. Richter, 510 F.3d 103, 104 (2nd Cir. 2007) ("[I]t 'is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.'") (citations omitted).

However, the writ of *audita querela* is not available to a federal prisoner where postconviction relief is cognizable pursuant to 28 U.S.C. §2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* In re Rushing-Floyd, 62 Fed.Appx. 64, 64-65 (4th Cir. 2003). The Defendant has filed one motion pursuant to §2255 but in this motion collaterally attacks his sentence without having obtained authorization to file a second such motion. Id.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that before a second or successive motion or petition is filed, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it." Holt, 417 F.3d at 1175. The Defendant may not avoid AEDPA's requirements for filing a second or successive §2255 motion by filing a petition for a writ of *audita querela*. Alonzo v. United States, 2010 WL 750074 **1 (4th Cir. 2010); United States v. Wilson, 315 Fed.Appx. 459, 460 (4th Cir. 2009); United States v. Sanchez, 2009 WL 389365 (3rd Cir. 2009); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), *opinion amended on other grounds* 530 F.3d 1183 (9th Cir. 2008) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); Valdez-Pacheco, 237 F.3d at 1079; Shelton v. United States, 201 Fed.Appx.

5

123, 124 (3rd Cir. 2006) ("In particular, the writ [of *audita querela*] cannot be invoked in order to enable a defendant to file a §2255 claim, but avoid complying with the rules that govern such motions."). "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs." <u>Valdez-Pacheco</u>, 237 F.3d at 1080; <u>In re Watkins</u>, 223 Fed.Appx. 265 (4th Cir. 2007).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Petition for Writ of Error *Audita Querela* pursuant to 28 U.S.C. §1651 [Doc. 43] is hereby **DENIED**.

Signed: April 29, 2010

Martin Reidinger
United States District Judge