IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:05cr273

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID HOWARD HUGHES. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for Reconsideration [Doc. 45].

On April 30, 2010, the Court denied the Defendant's motion for a writ of *audita querela* pursuant to 28 U.S.C. §1651. The Defendant now urges the Court to reconsider that denial. In denying the motion, the Court noted that the Defendant had filed one motion pursuant to §2255 but sought by the motion for a writ to collaterally attack his sentence without having obtained authorization to file a second such motion. [Doc. 44, at 5-6].

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that before a second or successive motion or petition is filed, the

1

petitioner must first obtain an order from the court of appeals authorizing the district court to consider it." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* In re Rushing-Floyd, 62 Fed.Appx. 64, 64-65 (4th Cir. 2003). The Defendant may not avoid AEDPA's requirements for filing a second or successive §2255 motion by filing a petition for a writ of *audita querela*. Alonzo v. United States, 2010 WL 750074 **1 (4th Cir. 2010); United States v. Wilson, 315 Fed.Appx. 459, 460 (4th Cir. 2009); United States v. Sanchez, 2009 WL 389365 (3rd Cir. 2009); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), *opinion amended on other grounds* 530 F.3d 1183 (9th Cir. 2008) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); Valdez-Pacheco, 237 F.3d at 1079; Shelton v. United States, 201 Fed.Appx. 123, 124 (3rd Cir. 2006) ("In particular, the writ [of *audita querela*] cannot be invoked in order to enable a defendant to file a §2255 claim, but avoid complying with the rules that govern such motions."). "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs." Valdez-Pacheco, 237 F.3d at 1080; In re Watkins, 223 Fed.Appx. 265 (4th Cir. 2007).

As a result, there is no reason to reconsider the denial of the motion.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion for Reconsideration [Doc. 45] is hereby **DENIED**.

Signed: May 31, 2010

Martin Reidinger
United States District Judge